**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 93 CR 350-1 |
| | ) | Hon. Marvin E. Aspen |
| | ) | |
| DONTAY BANKS | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us is Dontay Banks' motion to amend his sentence pursuant to 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 3583.[1] (Mtn. (Dkt. No. 650).) Banks' motion "in essence is no more than a motion for leniency," asking that we use our "discretionary and equitable powers" to allow for his immediate release and to impose a term of three years supervised release. (Def.'s Reply (Dkt. No. 675) at 1.) On July 14, 1994, we sentenced Banks to life imprisonment, as required by the mandatory sentencing guidelines in place at the time, for his role in a conspiracy to possess and distribute crack and cocaine. *United States v. Banks*, 78 F.3d 1190, 1193–94 (7th Cir. 1996), *vacated*, 519 U.S. 990, 117 S. Ct. 478 (1996). On December 18, 2014, we reduced Banks' sentence to 360 months under Amendment 782 to the United States Sentencing Guidelines. (Dkt. No. 623.)

Neither 18 U.S.C. § 3583 nor § 3582(c)(2) provides any basis upon which we may grant the extraordinary relief Banks is requesting. 18 U.S.C. § 3583 governs the imposition of conditions of supervised release. While § 3583 provides grounds for modifying a defendant's

---

[1] On January 6, 2017, the Government moved for leave to file a response after failing to file a response by the original December 16, 2016 deadline. (Dkt. No. 672.) Banks filed a reply on January 20, 2017. (Dkt. No. 675.) The Government's motion is granted, and we consider both filings for the purpose of deciding the present motion.

conditions of supervised release, 18 U.S.C. § 3583(e), it does not provide any basis upon which we may modify a sentence itself, *see generally id*.  18 U.S.C. § 3582(c)(2) does, however, provide that a court may modify a term of imprisonment where a defendant has "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  Indeed, we relied on § 3582(c)(2) when reducing Banks' sentence in light of Amendment 782 to the sentencing guidelines. (Dkt. No. 623).  However, since Amendment 782, the Sentencing Commission has not lowered the sentencing range upon which Banks' term of imprisonment is based, and so § 3582(c)(2) is inapplicable here.  Accordingly, Banks' motion to amend his sentence pursuant to 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 3583 is denied.  It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: February 7, 2017
      Chicago, Illinois